# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL ROMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>KRAMER, et. al.,<br><br>    Defendants.<br>_____/ | CV F   04 5675 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM FOR RELIEF (Doc. 1.) |

    Victor Manuel Roman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On October 14, 2005, this Court screened Plaintiff's Complaint under the Prison Litigation Reform Act and found that it did not state cognizable claims for relief. The Court dismissed the Complaint and granted Plaintiff thirty (30) days to submit an Amended Complaint that cured the deficiencies outlined in the court order. Thirty days passed, however, and no Amended Complaint was submitted.

    Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

1

including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May of 2004. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424. The Court's order dated October 14, 2005, expressly stated the parties "failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110." Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the court's order. Courts maintain the authority to dismiss an action as a sanction. Televideo

1  Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987).

2        Accordingly, the Court HEREBY RECOMMENDS that the action be DISMISSED for
3  Plaintiff's failure to state a claim for relief and failure to prosecute the action.

4        It is further ORDERED that these Findings and Recommendations be submitted to the
5  United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C.
6  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
7  Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy,
8  any party may file written objections with the court and serve a copy on all parties.  Such a
9  document should be captioned "Objections to Magistrate Judge's Findings and
10 Recommendations."  Replies to the objections shall be served and filed within TEN (10) court
11 days (plus three days if served by mail) after service of the objections.  The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
13 advised that failure to file objections within the specified time may waive the right to appeal the
14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 **Dated:   November 28, 2005**          **/s/ Sandra M. Snyder**
   icido3                                              UNITED STATES MAGISTRATE JUDGE